IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT OF THE STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY
CIVIL ACTION

ROBERT SCARPETTA
AND
DONNA SCARPETTA,

   Plaintiffs,

vs.           CASE NO.:

CREDITORS INTERCHANGE
RECEIVABLE MANAGEMENT, LLC,
BERNADETTE LNU AND
CHASE MANHATTAN BANK,

   Defendants.
_____/

STATEMENT OF CLAIM
(Unlawful Debt Collection Practices)

Plaintiffs Robert Scarpetta and Donna Scarpetta sue the defendants Creditors Interchange Receivable Management, LLC, Bernadette LNU, and Chase Manhattan Bank and state as follows:

I. INTRODUCTION

1. This is an action for damages not exceeding $2,500 per plaintiff, per defendant; it is brought for violations of the federal Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes ("FCCPA").

2. The FDCPA prohibits debt collectors, and the FCCPA prohibits all persons, from engaging in abusive, deceptive and unfair practices in collecting consumer debts; the debt sought to be collected by the defendant herein was a consumer debt.

3. The plaintiffs have retained the below-signed attorney

and are obligated to pay him a reasonable fee for his services.

## II. PARTIES

4. Plaintiffs Robert Scarpetta ("Mr. Scarpetta") and Donna Scarpetta ("Mrs. Scarpetta") are natural persons residing in Florida.

5. The violations of law reflected herein occurred in Hillsborough County, Florida.

6. Defendant Creditors Interchange Receivable Management, LLC, ("Creditors") is a foreign limited liability company doing business in Florida, with its principal place of business being located at 80 Holtz Drive, Cheektowaga, New York.

7. The defendant Bernadette LNU ("Bernadette") is a natural person believed to be a resident of the state of New York who is an employee and/ or agent of Creditors who personally attempted to collect the debt allegedly owed by Mrs. Scarpetta.

8. Chase Manhattan Bank ("Chase") is the entity on whose behalf Creditors and Bernadette on behalf of Creditors claim to have been collecting the debt. The actual name and relationship of the entity Chase to Creditors and Bernadette will be determined during the course of discovery and the plaintiffs reserve the right to amend this complaint when the information is discovered.

9. The defendants are subject to the provisions of both the FDCPA and the FCCPA, and are subject to the jurisdiction of this court pursuant to § 48.193, Fla. Stat.

## III. FACTUAL ALLEGATIONS AND CLAIMS

The factual basis and claims against the defendants by the plaintiffs include, but are not limited by the following:

10. Within one year of the filing of this complaint the defendants called Mrs. Scarpetta to collect a credit card debt alleged to be owed to Chase in the amount of approximately $12,000.

11. The debt was solely in the name of Mrs. Scarpetta.

12. The defendants failed to send a validation notice to Mrs. Scarpetta within five days of the telephone call.

13. Mrs. Scarpetta asked Creditors for proof they were authorized to collect the debt for Chase and was told she would just have to take their word for it. No proof was ever provided.

14. Several messages were left on the home phone from Creditors to call their offices about the debt.

15. Mrs. Scarpetta returned a phone call to Creditors.

16. When Mrs. Scarpetta called them back she was falsely told by Bernadette, that if she did not pay the $12,000 plus what was allegedly owed on the debt by the end of that day or a lien would be placed on her home.

17. This caused Mrs. Scarpetta to panic. Mrs. and Mr. Scarpetta were experiencing a period of strained marital relations. Mrs. Scarpetta, did not know Mrs. Scarpetta had incurred a debt of $12,000 plus dollars. The thought of disclosing to Mr. Scarpetta that Mrs. Scarpetta was $12,000 plus

dollars in debt and a lien would be placed on her home caused Mrs. Scarpetta great anxiety, embarrassment, fear, and humiliation. Mrs. Scarpetta believed the disclosure to Mr. Scarpetta of the existence of this additional debt would add to an already strained relationship and might led to the break up of their marriage.

18. However, Mrs. Scarpetta felt compelled to tell her husband because she believed Creditors would place a lien on their home which Mr. Scarpetta had an interest in resulting in both of them losing their home. Mrs. Scarpetta felt compelled tell Mr. Scarpetta because she had no means to pay the bill.

19. When Mr. Scarpetta was informed of the calls, he obtained the phone number of Creditors from Mrs. Scarpetta.

20. Mr. Scarpetta called Creditors to inquire about the debt and the threat to place a lien on their home.

21. An individual who identified himself as Erick Farkas later called the home and told Mr. Scarpetta that his wife owed $12,134.07 and she had over $10,000.00 of credit available to her on other credit cards and lines of credit and it did it make any sense that Mrs. Scarpetta wasn't paying the debt. Mr. Scarpetta asked if he was a co-signor or in anyway obligated on the debt. Erick Farkas told him no. Mr. Scarpetta asked, "why are you telling me this?" Erick Farkas' response was, "I was hoping you would help your wife and keep her from ruining her credit."

22. The conduct of the defendants in this matter violated

one or more sections of the FDCPA and/or the FCCPA.

23. Under the FDCPA each defendant is liable to each plaintiff for statutory damages of $1,000.00 together with attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

24. Under the FCCPA the each defendant is liable to each plaintiff for statutory damages of $1,000.00 together with attorney's fees and costs pursuant to § 559.77(2), Fla. Stat.

25. The defendants are liable for actual damages to the plaintiff Donna Scarpetta.

WHEREFORE, plaintiffs Donna Scarpetta and Robert Scarpetta demand judgment against defendants for the following:

a. Statutory damages under 15 U.S.C. § 1692(k);

b. Statutory damages under § 559.77, Fla. Stat.; and

c. Costs and attorneys' fees pursuant to both 15 U.S.C. § 1692k and § 559.77(2), Fla. Stat.

*[signature]*
Frederick. W. Vollrath, Esq.
307 S. Fielding Ave., Suite #2
Tampa, Florida 33606-4126
813-251-2626   Email fredvollrath@aol.com
ATTORNEY FOR PLAINTIFFS